[L. A. No. 15504. In Bank.—May 17, 1937.]

COUNTY OF ORANGE, Respondent, v. WOOD O. TOLIVER et al., Defendants; EMMA L. FRENCH, Appellant.

Rutan, Mize & Kroese for Appellant.

S. B. Kaufman, District Attorney, and H. A. McCabe, Deputy District Attorney, for Respondent.

THOMPSON, J.—This is an appeal from a judgment holding valid a lien on the property of the defendants in favor of the County of Orange in the sum of $113.97, the cost of labor and materials used in the abatement of scale on the defendants' orange trees. The county entered and sprayed the orchards under authority of the Agricultural Code. (Deering's Supp. 1933, Act 144.) The appellant does not question that portion of the lien covering labor expense but, with respect to $53.04, for cost of materials, it is contended that the notice of lien was not filed within the time required by law. (Sec. 137 of the Agricultural Code.)

The Agricultural Code provides that when the owner of premises found to be infested does not himself abate the nuisance after notice has been given him to do so the county agricultural commissioner shall cause it to be abated by eradicating or controlling the pests. (Sec. 136.) Section 137 provides that the expense thereof shall be a county charge, payable from the general fund of the county; that "from the date of payment the amount thereof shall be a lien on the property from which said nuisance has been removed or abated" and that "notice of such lien shall be recorded within thirty days *after the right thereto has accrued*".

The facts are stipulated. Materials used in the spraying of the orchard were spray oil and spreader. These the county bought in large lots as an economy measure rather than in amounts sufficient only for each particular job. The spraying of the orchard was done between March 16 and 21, 1934. The last lot of spray oil purchased by the county prior to that time was paid for by county warrant October 10, 1933, and the last spreader purchased by the county and placed in the large supply lot was paid for by county warrant on November 1, 1933. Spray oil and spreader used on appel-

lant's orchard were drawn from the county's supply and charged against the property by the county agricultural commissioner on April 4, 1934. Also on April 4, 1934, the county paid out of its general fund $60.93 for labor in spraying the orchard and charged it against the property. The notice of lien was filed May 2, 1934. Because the notice of lien was not filed within thirty days of the date upon which the county paid for the spray oil and spreader used upon her property the appellant contends the lien for the cost of the materials is invalid. The trial court found that the spraying of the grove was one transaction and that the lien, notice having been filed within thirty days of the payment of the last item of costs incident thereto, was valid.

■ The sole question is one of construction of the statute. It is provided that notice of the lien must be filed within thirty days of the time when the right thereto accrued. It is also provided that from the date of payment of the costs by the county the amount thereof shall be a lien. We think the construction contended for by the appellant, that in order to preserve the lien the notice must be filed within thirty days of the time when the county pays for the materials regardless of the time when they are used upon the property against which their cost is to be charged, cannot be supported by reason.

The lien contemplated by the act is in the nature of a mechanic's lien. It is a lien for the cost of materials furnished for use upon and labor expended upon the property of another. Obviously there can be no lien until the work is done or the materials are used upon the land against which they are to be charged. The language of section 137 itself makes it clear that the lien is to accrue when two prerequisites have been fulfilled: (1) The work of abating the nuisance has been done, and (2) the county has paid for it. The reason for the second requirement is, we think, obvious. It is to prevent a multiplicity of liens (of the county and of those who actually did the work or furnished the materials) and also because until the county has been put to an expense it has no right to be reimbursed. The language of section 137 is: "From the date of payment the amount thereof shall be a lien on the property from which said nuisance *has been removed or abated.*" The only reasonable construction of such a provision is that the lien shall accrue when the work

shall have been done and the county shall have paid for it. The first day upon which these conditions were fulfilled was April 4, 1934. It follows that the notice was filed in time.

The judgment is affirmed.

Edmonds, J., Shenk, J., Curtis, J., Langdon, J., and Seawell, J., concurred.